**UNITED STATES COURT OF APPEALS**
**Filed 6/3/96**
**FOR THE TENTH CIRCUIT**

───────

DARREN EUGENE PERKINS,  )
                        )
    Plaintiff-Appellant,  )
                        )
v.                      )  No. 96-3045
                        )  (D.C. No. 96-3039-GTV)
LES DERSTEIN, Unit Manager; BETH  )  (Dist. of Kan.)
POSSEY, Accounting; MICHAEL NELSON,)
Warden; WILLIAM CUMMINGS, Risk  )
Management,             )
                        )
    Defendants-Appellees.  )

───────

**ORDER AND JUDGMENT**[*]

───────

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

───────

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Darren Eugene Perkins (Perkins), appearing pro se, appeals the district court's Order of January 30, 1996, denying his civil rights action filed pursuant to 42 U.S.C. § 1983.[1]

───────────────

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

[1]    Although we agree with the district court that Perkins' appeal is legally frivolous, we grant Perkins leave to proceed in

Perkins is currently an inmate at the El Dorado Correctional Facility in El Dorado, Kansas. In his civil rights complaint, Perkins alleged that he was denied his right to religious freedom when prison officials applied money he received from his mother toward outstanding fines. Perkins alleges that his Christmas was "ruined" because the $40.00 his mother sent on November 11, 1995, and the $36.00 his mother sent on December 5, 1995, were for religious purposes, i.e., his enjoyment and celebration of Christmas, and, therefore, were to be placed in his holiday account and not used to pay fines.

The district court found that the action taken by the prison officials was consistent with the terms announced for the holiday account program in a November 7, 1995, letter to all inmates and that the unintentional failure of Perkins' mother to comply with the terms of the program did not implicate Perkins' right to religious freedom. Therefore, the district court dismissed Perkins' claim for failure to state a claim for relief.

On appeal, Perkins contends that the district court did not apply any law and refused to rule according to the November 7, 1995, letter regarding the holiday program. He argues that the district court failed to examine all of the grounds on which relief can be granted.

forma pauperis and grant a certificate of probable cause simply to reach the merits of the case.

On appeal, we review a dismissal pursuant to Fed. R. Civ. P. 12(c) on the pleadings just as we do a Rule 12(b)(6) motion to dismiss. Estate of Washington v. United States Secretarty of Health & Human Servs., 53 F.3d 1173, 1174 (10th Cir. 1995). We will uphold a dismissal only when it appears that the pleadings can prove no set of facts in support of the claims that would entitle the plaintiff to relief, accepting all well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995).

We affirm substantially for the reasons set forth in the district court's Order of January 30, 1996.

**AFFIRMED.**

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge