# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

JODY MAPP,

Plaintiff - Appellant,

v.

DAVID DOVALA, individually and in his official capacity as Natrona County Sheriff; NATRONA COUNTY BOARD OF COUNTY COMMISSIONERS; WILLIAM SCHREFFLER, individually and in his official capacity as Natrona County Detention Center Administrator; DANIEL R. POTTER, individually and in his official capacity as Natrona County Detention Center Correctional Officer; ERNADINE NICHOLS, individually and in his official capacity as Natrona County Detention Center Nursing Supervisor; BUTCH JACQUES, individually and in his official capacity as Natrona County Detention Center Officer; CHERYL WILSON, individually and in his official capacity as Natrona County Detention Center Nurse; ANNE ZIMMERMAN, individually and in her official capacity as Natrona County Detention Center Contract Physician; CRAIG S. EDWARDS, individually and in his official capacity as Natrona County Detention Center Officer,

Defendants - Appellees.

No. 97-8050

D. Wyoming

(D.C. No. 96-CV-276-J)

JODY MAPP,

        Plaintiff - Appellant,

    v.

JAMES FERGUSON, individually and in his official capacity as Warden, Wyoming Department of Corrections State Penitentiary; SCOTT ABBOTT, Officer, individually and in his official capacity as Corrections Officer, Wyoming Department of Corrections State Penitentiary; HENRY I, individually and in his official capacity as Corrections Officer, Wyoming Department of Corrections; LLOYD LASCANO, Corporal, individually and in his official capacity as Corrections Officer, Wyoming Department of Corrections; JOHN PERRY, individually and in his official capacity as Medical Administrator, Wyoming Department of Corrections State Penitentiary,

        Defendants - Appellees.

No. 97-8072

D. Wyoming

(D.C. No. 96-CV-94-D)

JODY MAPP,

        Plaintiff - Appellant,

        v.

WYOMING DEPARTMENT OF
CORRECTIONS HONOR CONSERVATION
CAMP SUPERINTENDENT, in his official
capacity, also known as Vance Everett,
individually; WYOMING DEPARTMENT OF
CORRECTIONS DIRECTOR, in her official
capacity, also known as Judy Uphoff,
individually; WYOMING DEPARTMENT OF
CORRECTIONS HONOR CONSERVATION
CAMP, DEPUTY WARDEN, in his official
capacity, also known as Barry Peterson,
individually; WYOMING DEPARTMENT OF
CORRECTIONS HONOR CONSERVATION
CAMP, CAPTAIN OF SECURITY, in his
official capacity, also known as Ron Munoz,
individually,

        Defendants - Appellees.

No. 97-8106

D. Wyoming

(D.C. No. 96-CV-302-B)

---

**ORDER**
**Filed March 17, 1998**

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Jody Mapp appeals the district court's dismissal of three in forma pauperis civil rights actions[1] brought pursuant to 42 U.S.C. § 1983. Mapp contends that the district court erred in dismissing Civil Nos. 97-8050 and 97-8106 for failure to state a claim and in dismissing Civil No. 97-8072 for failure to exhaust administrative remedies.

As the record indicates, two of Mapp's current appeals involve cases which were dismissed for failure to state a claim, and, hence, both these actions count as "prior occasions" under 28 U.S.C. § 1915(g). Moreover, a review of four other previously-filed appeals by Mapp indicates at least one prior district court dismissal for failure to state a claim. See Mapp v. Everett, Nos. 96-8097, 96-8112, 1997 WL 447323, at *1 (10th Cir. Aug. 6, 1997) (noting that "[t]he district court dismissed the complaint for failure to state a claim").

"Section 1915(g) generally prevents a prisoner from proceeding in forma pauperis in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious, or for failure to state a claim." Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996). Accordingly, Mapp cannot file these appeals without prepayment of costs and fees. Therefore, the district court erred in granting Mapp's motions pursuant to § 1915(b), and the appeals were not properly filed pursuant to 28 U.S.C. § 1915(g).

---

[1]For more efficient disposition, we have combined the cases.

However, even if we were to consider these appeals, we would find no error, substantially for the reasons stated in the district court's orders of May 1997, June 1997, and September 1997. As the district court properly determined, Mapp offers nothing of substance to support his claims. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Even though we construe a pro se plaintiff's pleadings liberally, we do not assume the role of advocate, and "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id.

Thus, in Civil No. 97-8050, Mapp provides no factual support for his claim that he was racially discriminated against. And, in those instances in which he does provide any facts, he still fails to demonstrate a constitutional violation. For example, his claims regarding denial of access to the courts and inadequate medical treatment do not rise to the level of a constitutional deprivation. See Lewis v. Casey, 116 S. Ct. 2174, 2180-82 (1996) (noting that an inmate must demonstrate "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim); Farmer v. Brennan, 511 U.S. 825, 837 (1994) (requiring conscious disregard of a known, serious risk to inmate health or safety to establish a constitutional violation). Nor is Mapp's claim relating to loss of personal property or his challenge to the disallowance of good time credits cognizable under § 1983. See Hudson v. Palmer, 468 U.S. 517, 532-33 (1984)

(holding that deprivation of personal property does not violate the Constitution if there are adequate state remedies available); Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973) (noting that the writ of habeas corpus is the appropriate remedy for challenges to the duration of confinement).

Likewise, in Civil No. 97-8072, Mapp's conclusory statement that he "submitted" his complaint before the effective date of the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a), is unsubstantiated, and contradicts the district court docket sheet which lists the complaint as filed on April 30, 1996. On review, the record fully supports the district court's conclusion that he failed to follow the appropriate sequence for filing grievances. See R. Vol. I, tab 54 at 5-6 n.1.

Finally, in Civil No. 97-8106, Mapp's challenges to the procedures used in a disciplinary proceeding are not cognizable under § 1983. See Edwards v. Balisok, 117 S. Ct. 1584, 1587-89 (1997). Moreover, neither his claim that he lost his prison employment nor his complaint about being placed in administrative segregation states any constitutional violation. Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (holding a prisoner has no constitutional right to a job in prison); Penrod v. Zavaras, 94 F.3d 1399, 1406-07 (10th Cir. 1996) (noting that confinement in administrative segregation does not create the type of atypical,

significant deprivation in which a liberty interest might be created) (citing <u>Sandin v. Connor</u>, 515 U.S. 472 (1995)).

## CONCLUSION

Inasmuch as Mapp has three or more prior suits which have been dismissed for failure to state a claim, we direct the clerk of this court not to accept any further appeals of judgments in civil actions or proceedings or any extraordinary writs in noncriminal matters, other than habeas, from Mapp unless he pays the filing fees established by our rules.

For the reasons stated above, the cases before us, Nos. 97-8050, 97-8072, and 97-8106, shall be dismissed unless Mr. Mapp pays the full filing fee in each case within thirty days. However, also for the reasons stated above, payment of the filing fees in order to obtain this court's decision on the merits of these appeals may not be a fruitful course of action.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge