**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

TOMI EDWARD JENNINGS, JR.,

      Plaintiff-Appellant,

v.

NATRONA COUNTY DETENTION
CENTER MEDICAL FACILITY,

      Defendant-Appellee.

No. 98-8032

TOMI EDWARD JENNINGS, JR.,

      Plaintiff-Appellant,

v.

NATRONA COUNTY DETENTION
CENTER OFFICER, in her official
capacity, a/k/a Tammy McNutt,

      Defendant-Appellee.

No. 98-8035

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. Nos. 98-CV-70 & 98-CV-108)**

Submitted on the briefs: *

Tomi Edward Jennings, Jr., Pro se.

Eric A. Easton, Natrona County Attorney, Casper, Wyoming, for Defendants-Appellees.

_____

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

_____

**BRORBY** , Circuit Judge.

_____

These appeals are taken from judgments of the United States District Court for the District of Wyoming dismissing, under 28 U.S.C. § 1915(e)(2)(B), two civil rights actions filed by Mr. Jennings. We have jurisdiction under 28 U.S.C. § 1291 and dismiss these appeals as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). However, we reverse the manner in which the district court counted prior occasions for purposes of applying the "three strikes" provision of 28 U.S.C. § 1915(g), and allow Mr. Jennings to proceed in both appeals *in forma pauperis* .[1]

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

[1] The district court permitted Mr. Jennings to appeal No. 98-8032 *in forma pauperis* , but denied Mr. Jennings *in forma pauperis* status with regard to appeal No. 98-8035.

**Background**

No. 98-8032, Jennings v. Natrona County Detention Center Medical Facility

Mr. Jennings filed a civil rights action under 42 U.S.C. § 1983 against the Natrona County Detention Center Medical Facility on March 23, 1998. He claimed he was denied or received delayed necessary medical attention in violation of the Eighth Amendment to the United States Constitution. The relief prayed for was "[m]edical attention that is needed" and $10,000 "to pay for the medical need [he] can't receive." Mr. Jennings attached to his complaint copies of various medical logs and requests for medical attention, as well as receipts for prescription drugs.

The district court granted Mr. Jennings leave to proceed *in forma pauperis* and thus pay the filing fee for his § 1983 action in installments pursuant to 28 U.S.C. § 1915(b). The court dismissed this action April 23, 1998, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). According to the district court, Mr. Jennings (1) failed to allege a county policy or custom had caused him an injury, (2) provided no factual basis to establish a claim of cruel and unusual punishment, and (3) made no claims establishing serious harm or deliberate indifference by jail officials. The district court permitted Mr. Jennings to proceed on appeal *in forma pauperis*.

No. 98-8035, Jennings v. Natrona County Detention Center Officer

Four days later, on April 27, 1998, Mr. Jennings filed another civil rights action, this time against a specific jail official. Mr. Jennings accused Officer McNutt of "[d]eliberate indifference" and of "[affecting] my progress in such a way that the situation is never solved." He sought Officer McNutt's "discharge from her position of authority" and $25,000 "for making my stay a very bad one while I'm a pretrial detainee."

The district court again granted leave to proceed *in forma pauperis* under the partial payment plan, held that the allegations failed to establish cruel and unusual punishment, and dismissed the action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief and as frivolous.

The district court then denied Mr. Jennings' motion for leave to appeal this dismissal *in forma pauperis*, finding that Mr. Jennings had "on three or more prior occasions, while incarcerated, brought an action or appeal in federal court that was dismissed as frivolous or for failure to state a claim." Consequently, Mr. Jennings was prohibited from appealing the district court's ruling in this § 1983 action unless and until he paid the appellate filing fee in toto, or established that he was under imminent danger of serious physical injury. 28 U.S.C. § 1915.

-4-

**Rules Applicable to 28 U.S.C. § 1915(g)**

Section 1915(g), the "three strikes" provision of the *in forma pauperis* statute, as amended by the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This provision requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 1150 (1999). It does not prevent prisoners with three strikes from filing civil actions; it merely prohibits them the privilege of *in forma pauperis* status. *Id*. at 1233.

At issue here is whether Mr. Jennings has three or more qualifying dismissals under § 1915(g) and hence must pay up front for the privilege of filing or appealing these or any additional civil actions. In counting Mr. Jennings' prior occasions (or strikes), the district court included the case before it (10th Cir. No. 98-8035), and the action against the Natrona County Detention Center

Medical Facility (10th Cir. No. 98-8032). To reach strike three, the court added an earlier habeas corpus action, *Jennings v. Wyoming Attorney General*, No. 96-CV-181-D (D. Wyo. Feb. 28, 1997), which was dismissed *without prejudice* both for failure to exhaust state court remedies and for failure to state a claim. We first address the propriety of counting a habeas corpus action as a prior occasion under § 1915(g). We then address the issue of how to count strikes when a case or cases dismissed by the district court are presented for appellate review.

Habeas Case as Prior Occasion

In determining that the habeas action was countable as a strike, the court relied on language in *United States ex rel. Gillespie v. Nelson*, No. 96-C-6989, 1997 WL 201563, at *7 & n.4 (N.D. Ill. Apr. 17, 1997). Since *Gillespie*, this court has determined habeas corpus petitions are not "civil action[s]" for purposes of 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. *United States v. Simmonds*, 111 F.3d 737, 741, 743 (10th Cir. 1997) ("we conclude the intent and purpose of the Prison Litigation Reform Act shows the phrase 'civil action' in 28 U.S.C. § 1915 was not meant to apply to habeas corpus and 28 U.S.C. § 2255 proceedings"). Although *Simmonds* did not specifically address the "three strikes" provision at § 1915(g), there is no rational reason to treat that

provision differently from the rest of 28 U.S.C. § 1915. Accordingly, the district

court erred when it counted Mr. Jennings' prior habeas corpus action as a strike

under § 1915(g). [2]

Counting Nonfinal Cases as Strikes

In addition to counting Mr. Jennings' prior habeas action as a strike, the

district court counted as strikes its dismissal of the two § 1983 complaints

underlying both appeals here before us (Nos. 98-8032 and 98-8035). The notice

of appeal in No. 98-8032 was filed on May 12, 1998, while the action underlying

No. 98-8035 was still pending in district court. Thus, the district court's

dismissal of the case underlying No. 98-8032 for failure to state a claim, 28

---

[2] We are not dealing here with a habeas petition containing both habeas corpus and civil rights claims, which, when dismissed under § 1915(e) as frivolous, may count as a prior occasion, *see Herrera v. Keating*, No. 97-6078, 1997 WL 687695, at **1, 3 (10th Cir. Oct. 30, 1997), *cert. denied*, 118 S. Ct. 1846 (1998) (insofar as claims in § 2254 petition could be construed as action under § 1983, dismissal would count as prior occasion). Nor are we dealing with a habeas petition more appropriately construed as a § 1983 action and thus countable as a strike. *See Bakalov v. McCotter*, No. 97-4023, 1998 WL 165119, at *1 (10th Cir. Apr. 2, 1998) (§ 2254 habeas petition was correctly construed as action under § 1983 as "simply not a collateral attack on the fact or duration of [petitioner's] confinement"); *see also Jordan v. Bowles*, Nos. 96-2169, 96-2183, 96-2211, 1997 WL 589174, at **2-3 (10th Cir. Sept. 24, 1997) (frivolous appeal from habeas action which had been properly construed as civil rights action would count as prior occasion under 28 U.S.C. § 1915(g)). Mr. Jennings' 1997 action raised strictly habeas claims under 28 U.S.C. § 2254.

U.S.C. § 1915(e)(2)(B), was subject to further review by this court. By counting the dismissal as a strike, the district court effectively treated that appealed decision as final for purposes of § 1915(g). While this strike determination did not affect the proceedings in appeal No. 98-8032, it did supply the basis for the district court's subsequent ruling in the case underlying No. 98-8035 that Mr. Jennings had by then collected a total of three strikes and therefore could not appeal the dismissal of his second § 1983 action *in forma pauperis*. These circumstances present us with the question of whether a district court dismissal should be counted as a strike before the litigant has exhausted or waived his opportunity to appeal. We conclude it should not.

As aptly explained by the Fifth Circuit in *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), to count strikes before the litigant has an opportunity to appeal the district court's dismissal is to risk "inadvertently punishing nonculpable conduct." For example, a "hyper-literal" reading of § 1915(g) to count all district court dismissals as "prior occasions" whether or not the litigant has appealed those decisions could bar a prisoner's appeal of an erroneous third strike, since the appeal would follow three prior dismissals. Or, an indigent prisoner's fourth claim could expire while one or more of his first three dismissals was being reversed on appeal. While it is clear Congress enacted

§ 1915(g) to curb frivolous complaints and appeals, we agree with the Fifth

Circuit that Congress did not intend to "freeze out meritorious claims or ossify

district court errors." *Adepegba*, 103 F.3d at 388. Accordingly, a § 1915(e)(2)(B)

dismissal should not count against a litigant until he has exhausted or waived his

appeals. *Id*.; *see also Pigg v. FBI*, 106 F.3d 1497, 1498 (10th Cir. 1997) (because

"'[p]rior' is defined in Webster's Ninth New Collegiate Dictionary as 'earlier in

time,'" district court erred in counting the plaintiff's present action as one of the

three prior actions). [3]

Because Mr. Jennings' appeal from the district court's dismissal of his

March 1998 complaint against the Natrona County Detention Center Medical

---

[3] We are bound by prior panel decisions in the absence of en banc reconsideration or a superceding contrary Supreme Court decision, *see Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996) (following the rule that "when faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom"). To the extent any of our cases are inconsistent with *Pigg*, 106 F.3d at 1498, *Young v. Miller*, 144 F.3d 1298, 1299 (10th Cir. 1998), or the holding in this case, they are overruled. *See, e.g., Mapp v. Dovala*, 138 F.3d 1335, 1337 (10th Cir. 1998).

We have circulated this opinion to the en banc court pursuant to our rules. Each member of the en banc court has concurred with our holding that a case should not be counted as a "prior occasion" for purposes of making the computation required by § 1915(g) unless and until the decision becomes final, either through completion of the appeal process or by passage of time if no appeal is taken.

Facility was pending, we conclude the district court erred in counting its dismissal of that complaint as a strike. By the same token, we conclude the district court also erred in counting its dismissal of Mr. Jennings' April 1998 complaint against Officer McNutt as a strike prior to Mr. Jennings' exhaustion or waiver of his opportunity to appeal that ruling. Mr. Jennings therefore was not prohibited under § 1915(g) from appealing the decision to dismiss his April 1998 complaint (appeal No. 98-8035) *in forma pauperis* .

Summary

To summarize and provide guidance for future cases, we count strikes for purposes of 28 U.S.C. § 1915(g) as follows:

(1)    Habeas corpus and 28 U.S.C. § 2255 proceedings are not civil actions under 28 U.S.C. § 1915. Hence, the dismissal of a habeas corpus or § 2255 petition does not count as a strike for purposes of limiting *in forma pauperis* status under § 1915(g).

(2)    A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal.

(3)    If we affirm a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal then counts as a single strike. (Under

the plain language of the statute, only a dismissal may count as strike, not the affirmance of an earlier decision to dismiss.)

(4)     If we reverse a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal does not count as a strike.

(5)     If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.

(6)     If we dismiss as frivolous a prisoner's appeal of an action for which the district court entered judgment for defendant, the dismissal of the appeal counts as one strike.

## Mr. Jennings' Appeals

<u>No. 98-8032, Jennings v. Natrona County Detention Center Medical Facility</u>

The district court correctly determined this action was frivolous under 28 U.S.C. § 1915(e)(2)(B).  Mr. Jennings names no particular offending defendant, but simply presents a series of disagreements over what medication he should receive and how often.  A "'[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm.'"  *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).  Mr. Jennings' allegations utterly fail to show his medical needs were serious or prison officials

-11-

acted with deliberate indifference to his health. To the contrary, the documents attached to his complaint reflect he was given medical attention and prescriptions on a number of occasions. At best, then, his claim amounts to a difference of opinion over the medical treatment he received. This difference of opinion does not rise to the level of a constitutional violation. *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993).

The district court also correctly noted the county could be held liable under § 1983 only for its own unconstitutional or illegal policies, not for the tortious acts of its employees. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). Mr. Jennings does not allege the existence of any such policies, but rather that medical attention was denied or delayed. This is insufficient to state a claim against the county.

For these reasons, we conclude Mr. Jennings appeal in No. 98-8032 is frivolous under § 1915(e)(2)(B)(i). The district court's dismissal of the complaint and our dismissal of the appeal therefore count as two strikes.

No. 98-8035, Jennings v. Natrona County Detention Center Officer

This complaint, although naming a particular defendant and alleging "deliberate indifference," also fails to allege the denial of a constitutional right. Mr. Jennings' statements the officer was affecting his "progress in such a way that the situation is never solved" and making his "stay a very bad one," are vague and conclusory. These allegations do not establish Mr. Jennings was denied "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted), or a responsible official acted with deliberate indifference to his medical needs. Lacking any arguable basis in law or fact, we deem appeal No. 98-8035 frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Mr. Jennings thus has accumulated strikes three[4] and four.

**Conclusion**

Because the district court erroneously denied leave to proceed with appeal No. 98-8035, we grant leave to proceed in this appeal in accordance with the installment payment provisions of 28 U.S.C. § 1915(b). Mr. Jennings now has

---

[4] We note this was at least the third action Mr. Jennings has initiated in the United States District Court for the District of Wyoming. An earlier case, No. 97-CV-311, *Jennings v. Laramie County Detention Center*, filed in December 1997, was dismissed October 19, 1998.

four strikes for purposes of § 1915(g) and may not proceed *in forma pauperis* in any future federal lawsuits, other than habeas, which do not involve "imminent danger of serious physical injury." *See White*, 157 F.3d at 1232 (prisoners with three strikes must prepay entire fee before federal courts may consider their actions or appeals).

Under § 1915(e)(2)(B)(i), if a court determines that an action or appeal is frivolous, "the court shall dismiss the case." Accordingly, these appeals are **DISMISSED**.