**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY RENARD ADAMS,

      Plaintiff-Appellant,

v.

PEOPLE OF THE STATE OF
COLORADO, individually,
corporately 1 to 99; JOHN DOE;
ELLIOTT POWERS; DONITA B.
ROLLE-JACKSON; LAUREN
BYNUM-JENKINS, Conservators and
Attorneys; ROBERT BAILEY,

      Defendants-Appellees.

No. 98-1330
(D. Colorado)
(D.C. No. 98-D-1251)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Plaintiff Gary Renard Adams, a state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B) .  We affirm.[1]

Mr. Adams claimed below that the court-appointed attorneys, conservator, and guardian *ad litem* for his deceased aunt and uncle mismanaged an estate to which he was sole heir.  Since Mr. Adams did not allege any facts to support a section 1983 federal constitutional violation of his civil rights, nor show in any way that the attorneys, conservator or guardian were acting under color of state law, the district court dismissed the claims as frivolous.  On appeal, Mr. Adams asserts to the contrary that the actors did act under color of state law, and introduces a new argument that a state probate trial error violated his Fifth, Seventh and Fourteenth Amendment rights.

We review a district court's dismissal of a complaint under section 1915(e)(2)(B) for an abuse of discretion, *see Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir.1997).  Under section 1915(e)(2)(B), a district court may *sua sponte* dismiss an *in forma pauperis* action that is frivolous, lacking factual or legal merit.  *See* 28 U.S.C. § 1915(e)(2)(B).  After reviewing the record, we agree that

---

[1]  We deny Mr. Adam's Supplemental Motion for Appointment of Counsel.

despite the wide latitude given pro se parties, Mr. Adams' district court allegations failed to state any facts that would support a federal constitutional challenge. In addition, a successful section 1983 challenge requires the actors to be acting under color of state law. 42 U.S.C. § 1983. Unfortunately for Mr. Adams, his mere assertions that the actors in his probate claim were so acting cannot refute our holding in *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (per curiam), that court-appointed representatives such as attorneys or guardian *ad litem* are not acting under color of state law. *Id.* The district court did not abuse its discretion in dismissing Mr. Adams' complaint as legally frivolous.

As for Mr. Adams' newly raised claims of state probate trial error, we decline to consider issues raised for the first time on appeal. *See Tele-Communications, Inc. v. Commissioner of Internal Revenue*, 104 F.3d 1229, 1232-33 (10th Cir.1997).

We remind Mr. Adams that a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding under this section [without full advance payment of the filing fee] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is known as the three-strike rule, *see Jennings v. Natrona Cty. Detention Center*, No. 98-8032, 1999 WL 248634, *2 (10th Cir. April 20, 1999), which denies a prisoner in forma pauperis status after he has three qualifying dismissals. Once we affirm as frivolous an action dismissed by the district court as frivolous, the plaintiff has two strikes against him. *Id.* at *4. Mr. Adams now falls in that category.

Under section 1915(e)(2)(B)(i), if a court determines that an action or appeal is frivolous, "the court shall dismiss the case." Accordingly, this appeal is **DISMISSED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge