**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

—————————————————————

DAVID L. BUIST,

      Plaintiff-Appellant,

      v.

KATHY CARTWRIGHT; KEN
BINGHAM; DUANE JOHNSON;
JANET SORENSON; STEVEN
YATES; DAVID OKIE; and
TAMARA ROBINETTE,

      Defendants-Appellees.

No. 99-4007
(D. C. No. 98-CV-29-C)
(D. Utah)

—————————————————————

**ORDER AND JUDGMENT**[*]

—————————————————————

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

—————————————————————

      After examining Plaintiff-Appellant's brief and appellate record, this panel

has determined unanimously that oral argument would not materially assist the

determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The case is therefore ordered submitted without oral argument.

Proceeding pro se, Plaintiff, a state prisoner, brought an action pursuant to 42 U.S.C. § 1983 seeking damages for six alleged claims of constitutional violations. Read liberally, they are:

1. Denial of access to the courts by prevention of phone calls and mail for forty-eight days.

2. Ninth Amendment claim incorporating the conduct described in the access to courts claims.

3. Cruel and unusual punishment by requiring him to participate in a "confrontation group" and denial of phone access and a tape recorder rather than hand-written lesson notes.

4. Denial of due process incorporating the behavior alleged in the claim for cruel and unusual punishment.

5. A <u>Miranda</u> claim in connection with his arrest.

6. A claim that he was denied an opportunity to file grievances apparently about the matters included in his other claims.

The matter was referred to a magistrate judge who filed a detailed Report and Recommendation stating that each claim should be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court reviewed the report, Plaintiff's objections, and the complaint de novo. It adopted the Report

and Recommendation and dismissed the complaint. We have made the same review and conclude that the Report and Recommendation is correct.

On appeal, Plaintiff also complains that the district court should have permitted him to amend his complaint rather than dismiss it. We find no merit to this claim.

For the reasons stated in the magistrate judge's Report and Recommendation, we dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I). The district court's dismissal of the complaint and our dismissal of the appeal count as two strikes under 28 U.S.C. § 1915(g). See Jennings v. Natrona County Detention Ctr. Med. Facility, __ F.3d __ , 1999 WL 248634, at *4 (10th Cir. 1999).

DISMISSED.

Entered for the Court


Monroe G. McKay
Circuit Judge