**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY WAYNE RATLIFF,

      Plaintiff - Appellant,

      v.

LARRY FIELDS, Director of OK.
DOC; RON WARD, Warden of the
Oklahoma State Pen.; JOHN EAST,
SCM Supervisor,

      Defendants - Appellees.

No. 98-7119
(D. Ct. No. 96-CV-548-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court dismissing plaintiff

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Ratliff's pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983 as frivolous under the provisions of 28 U.S.C. § 1915. Petitioner appeals on the ground that the district court erred in failing to find constitutional violations in the series of allegations made in the district court. Further, on appeal plaintiff adds a series of additional allegations that were not presented to the district court. We AFFIRM.

Because plaintiff proceeded below and proceeds in this court pro se, we must, as the district court did, construe liberally the complaint, the notice of appeal, and all filings in this court. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). Under this liberal construction rule, we determine that the petitioner raised in the district court issues related to the conditions of his confinement during the period of time that he was housed in the East Cell House of the Oklahoma State Penitentiary. He also alleged in the district court constitutional violations with respect to his prison security classification at the Oklahoma State Penitentiary. In this court, plaintiff has filed a brief and a "petition for declaratory judgment, temporary restraining order, and/or preliminary injunction" that raise a series of additional issues that were not presented to the district court. The liberal construction rule does not relieve plaintiff of the duty to raise issues in the district court as a threshold requirement to consideration in this court. See Ogden v. San Juan County, 32

F.3d 452, 455 (10th Cir. 1994). Therefore, we consider only those issues that were presented for determination to the district court. See Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1232 (10th Cir. 1997); Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir. 1993).

Some of the allegations in the district court were clearly efforts to sue defendants in their official capacities as Department of Corrections officials. These claims are all barred by the Eleventh Amendment. A damage suit against a state official in his or her official capacity is an action against the state. Kentucky v. Graham, 473 U.S. 159, 165 (1985); Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). We will not consider those damage claims against the defendants in their official capacities.

Plaintiff's allegations with respect to the conditions in the East Cell House at Oklahoma State Penitentiary are the subject of an on-going class action currently before the Eastern District of Oklahoma in Battle v. Anderson, No. CIV 72-095-B. When there is an existing class action, individual suits alleging unconstitutional prison conditions related to the same facility may not be brought. See McNeil v. Guthrie, 945 F.2d 1163, 1165-66 (10th Cir. 1991). Further, the temporary housing issue raised in this appeal was raised by class counsel in Battle, and this court found that the temporary uses of the East Cell House did not result in a constitutional violation. See Battle v. Anderson, 788 F.2d 1421, 1427-

28 (10th Cir. 1986). To the extent that plaintiff is alleging that individual defendant prison officials acted with "deliberate indifference" to his constitutional rights, plaintiff has failed to show that any of the defendants were deliberately indifferent to this plaintiff.

Plaintiff has further alleged that he was denied his rights to due process of law when he was housed in a maximum security facility during the time that he was classified as a medium security inmate. There is no constitutional right to incarceration in any particular prison or portion of a prison and changes in security classifications involve no Fourteenth Amendment liberty interest. See Twyman v. Crisp, 584 F.2d 352, 355-56 (10th Cir. 1978) (citing Meachum v. Fano, 427 U.S. 215, 226-27 (1976)). Thus, petitioner has failed to allege a deprivation of any constitutional rights relating to his security classification or his housing within a particular area of the prison.

In the documents filed in this court on appeal, petitioner raises a series of claims that include prison conditions in both the Oklahoma state prisons and in a private prison facility, a deprivation of his right to access to the courts, inadequate medical treatment, improper training and supervision of prison officials, and various other allegations of constitutional deprivations. None of these issues were raised in the district court. We therefore decline to address these additional allegations. Plaintiff further alleges bias on the part of the

district court.  We find no evidence of bias.  We agree with the district court that this action is frivolous under 28 U.S.C. § 1915.  The district court's dismissal of the complaint and our dismissal of the appeal count as two strikes under 28 U.S.C. § 1915(g).  <u>See</u> <u>Jennings v. Natrona County Detention Ctr. Med. Facility</u>, ___ F.3d ___, 1999 WL 248634, at *4 (10th Cir. 1999).   We affirm the order of the district court and deny all relief on all of the various motions and petitions filed in this court by this petitioner.  AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge