F I L E D
United States Court of Appeals
Tenth Circuit

JUN 14 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN ANDERSON,

      Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; ANTHONY TONY
SALAZAR, employee; ROD
COZZETTO, employee; ANDY
KINKERMAN, employee; FRANK E.
RUYBALID, Grievance Officer,

      Defendants - Appellees.

No. 98-1477
(D. Ct. No. 98-D-2378)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal is from an order of the district court dismissing petitioner Brian Anderson's civil rights complaint brought pursuant to 42 U.S.C. § 1983. Defendant appeals pro se on the ground that the district court erred in finding his civil rights complaint legally frivolous under 28 U.S.C. § 1915A(b). We AFFIRM.

Petitioner Anderson alleges that defendants have violated his rights under the United States Constitution. Specifically, he claims that he was deprived of due process of law and subjected to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution when he lost his prison job and the corresponding opportunity to earn good time credits. Petitioner also alleges that defendants deprived him of due process in the prison grievance procedure because they failed to investigate the issues he raised and further failed to respond to his grievances in a timely manner. Finally, petitioner alleges Mr. Rod Cozzetto committed perjury in violation of the United States Constitution and several Colorado statutes.

Petitioner proceeds in this civil rights action pro se. Therefore, we must construe the complaint and all of the filings in this court liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). As the district court did, we review the complaint, the notice of appeal, and all of the filings in this court to determine whether plaintiff has stated a valid claim on which relief could be granted despite

plaintiff's failure to cite appropriate legal authority and his confusion of various legal theories. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Giving the filings their most liberal construction, we agree with the district court that none of the claims asserted by petitioner even colorably allege a deprivation of a constitutional right.

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim." See Hudson v. McMillian, 503 U.S. 1, 9 (1992). "Absent allegations . . . of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." Shifrin v. Fields, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). Here, petitioner's claims based upon the loss of his prison job and the resulting loss of the opportunity to earn good time credits do not rise to the level of extreme deprivations sufficient to make out a conditions-of-confinement claim. Moreover, because neither the loss of a prison job nor the loss of an opportunity to earn good time credits constitutes any atypical or significant hardship upon the petitioner in relation to the ordinary incidence of prison life sufficient to create a liberty interest, these allegations do not state a claim for a due process violation. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (stating that although states may in some circumstances create a liberty interest, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life"); Penrod v. Zavaras, 94 F.3d 1399, 1407 (10th Cir. 1996) (no liberty interest in prison employment).

Similarly, petitioner's allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner. The failure to conduct an investigation or respond to petitioner's grievances does not impose an atypical and significant hardship in relation to ordinary incidents of prison life. See generally Sandin, 515 U.S. at 484. This record also contains no allegation or suggestion that the failure to comply with the grievance procedure will inevitably affect the length of plaintiff's confinement, thereby possibly implicating due process. See id. at 487. Finally, the allegations with respect to Mr. Cozzetto's perjury do not state a cause of action under 42 U.S.C. § 1983.

We agree with the district court that the complaint and this appeal are legally frivolous pursuant to 28 U.S.C. § 1915A(b). The district court's dismissal of the complaint and our dismissal of the appeal count as two strikes under 28 U.S.C. § 1915(g). See Jennings v. Natrona County Detention Ctr. Med. Facility, ___ F.3d ___, Nos. 98-8032, 98-8035, 1999 WL 248634, at *4 (10th Cir. 1999). We affirm the order of the district court for substantially the reasons given by that

court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge