**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDDIE JOE BUSH,

      Plaintiff-Appellant,

v.

MIKE VETRANO, JANE CRUZ, and
DAVID LINAM, Washington State
Officials,

      Defendants-Appellees.

No. 99-1115

(D.C. 99-Z-177)
(District of Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

    *     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Eddie Joe Bush filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging a number of violations of his civil rights by Colorado State Prison officials. However, the magistrate judge determined that the complaint was deficient for failing to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The magistrate, therefore, issued an order directing Mr. Bush to submit the proper documentation required by 28 U.S.C. § 1915(a)(1) & (2). The order warned that if Mr. Bush failed to cure the deficiencies within thirty days, the action would be dismissed without prejudice.

Mr. Bush submitted an uncertified copy of his prisoner trust fund account statement. 28 U.S.C. §1915(a)(2) requires a certified copy of the trust fund account statement, or institutional equivalent. Therefore, on March 5, 1999, the district court dismissed his claim without prejudice. The district court further denied Mr. Bush's motion and affidavit for leave to proceed on appeal in forma pauperis, finding that the appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Mr. Bush has filed a motion in this court to proceed in forma pauperis for this appeal, pursuant to Fed. R. App. P. 24(a)(5), arguing that the uncertified account statement he submitted was "the equivalent of certified." Aplt's Br. at 3. There is no equivalent of certification. The statute clearly requires a certified

2

copy.  Mr. Bush's appeal is frivolous.      See 28 U.S.C. § 1915(e)(2)(B)(i);     Neitzke v. Williams , 490 U.S. 319, 327 (1989) (a claim is frivolous if the factual contentions supporting it are "clearly baseless," or if it relies on an "indisputably meritless legal theory").

Accordingly, we DENY Mr. Bush leave to file in forma pauperis and DISMISS his appeal.  The dismissal of this frivolous appeal is a strike for purposes of 28 U.S.C. § 1915(g).      See Jennings v. Natrona County Detention Ctr. Med. Facility ,  175 F.3d 775, 1999 WL 248634, at * 4 (10th Cir.1999).

Entered for the Court,


Robert H. Henry
Circuit Judge