**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH ELLIOTT,

      Plaintiff-Appellant,

v.

JOSEPH M. BROOKS, Warden; E.
HANSEN, Captain; ESPINOZA,
Acting Unit Manager; T. D.
ALLPORT, Counselor,

      Defendants-Appellees.

No. 98-1470

(D.C. 98-WM-732)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Elliott brought this action against the defendants in their individual capacity pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics, 403 U.S. 388 (1971). The district court dismissed the complaint under Fed. R. Civ. P. 12 (b)(6). We review the 12 (b)(6) dismissal de novo, see Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). Because it is clear that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff, see id., we affirm the district court's dismissal. See Jennings v. Natrona County Detention Center Medical Facility, No. 98-8032, 98-8035, 1999 WL 248634 at *4 (10th Cir. Apr. 20, 1999) (holding that for purposes of counting strikes under 28 U.S.C. § 1915, an affirmance of a district court dismissal would count as a single strike, whereas a dismissal of an appeal from a district court dismissal may count as a second strike in addition to the strike for the original dismissal).

Mr. Elliott alleges infringement of his and other white inmates' right to watch television, based on a system of television broadcast selection that favors the selections of the black majority. We affirm the district court's finding that this fails to allege a cognizable constitutional violation. There is no constitutional right to watch television.

Mr. Elliott further alleges the defendants have labeled him a "snitch and

shot-caller," Aplt. Br. at 2, knowingly putting him at serious risk of substantial harm. The district court interpreted this claim as one alleging an Eighth Amendment violation, and found the conclusory allegations of putting him at risk of harm insufficient to rise to the level of an Eighth Amendment violation. We affirm the decision of the district court on this issue for substantially the same reasons.

Holding that Mr. Elliott failed to identify constitutional violations for which relief could be provided, we need not address the district court's alternative ruling that Mr. Elliott failed to exhaust his administrative remedies.

Accordingly, we AFFIRM the decision of the district court holding Mr. Elliott has failed to identify a constitutional violation.

Entered for the Court,

Robert H. Henry
Circuit Judge

3