**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DARREN EUGENE PERKINS,

Plaintiff-Appellant,

v.

MICHAEL A. NELSON, Warden;
CHARLES E. SIMMONS, Secretary
of Corrections; KANSAS
DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

No. 01-3111
(D.C. No. 00-CV-3229-GTV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **SEYMOUR** , Circuit Judge, and **BRORBY** , Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Darren Eugene Perkins, a prisoner of the State of Kansas, filed this civil rights action under 42 U.S.C. § 1983 and moved for leave to proceed in forma pauperis. The district court denied the motion for in forma pauperis status on the basis that Mr. Perkins had three "prior occasions" or "strikes" within the meaning of 28 U.S.C. § 1915(g). The district court also denied leave to proceed on appeal in forma pauperis. Mr. Perkins appeals and moves in this court for leave to proceed on appeal in forma pauperis. We have jurisdiction under 28 U.S.C. § 1291, grant the motion for leave to proceed on appeal in forma pauperis, and reverse.

The Prison Litigation Reform Act, enacted on April 26, 1996, changed the manner in which indigent prisoners may proceed in the United States district courts. The so-called "three strikes" provision of the in forma pauperis statute now provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This court summarized the rules for counting strikes under the revised language of § 1915(g) in _Jennings v. Natrona County Detention Center Medical Facility_, 175 F.3d 775, 780-81 (10th Cir. 1999):

(1) Habeas corpus and 28 U.S.C. § 2255 proceedings are not civil actions under 28 U.S.C. § 1915. Hence, the dismissal of a habeas corpus or § 2255 petition does not count as a strike for purposes of limiting _in forma pauperis_ status under § 1915(g).

(2) A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal.

(3) If we affirm a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal then counts as a single strike. (Under the plain language of the statute, only a dismissal may count as [a] strike, not the affirmance of an earlier decision to dismiss.)

(4) If we reverse a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal does not count as a strike.

(5) If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.

(6) If we dismiss as frivolous a prisoner's appeal of an action for which the district court entered judgment for defendant, the dismissal of the appeal counts as one strike.

Mr. Perkins is a frequent filer. Since 1995, he has filed eleven civil rights complaints and two habeas petitions in the United States District Court for the District of Kansas, and six appeals in this court (including this one). Out of those cases, he has acquired two strikes. _Perkins v. Dettmann-Roudybush_, No. 97-CV-

3170 (D. Kan. May 19, 1997), was a civil rights action filed pursuant to 42 U.S.C. § 1983. The district court dismissed the complaint as frivolous. That counts as a strike under 28 U.S.C. § 1915(e)(2)(B)(i) and the second rule set out in Jennings, 175 F.3d at 780.

Perkins v. Derstein, No. 96-CV-3039 (D. Kan. Jan. 31, 1996), was also a civil rights action, and the district court dismissed it for failure to state a claim for relief. That counts as a strike under § 1915(e)(2)(B)(ii) and the second rule set out in Jennings, 175 F.3d at 780. This court affirmed that dismissal on appeal but, under the third rule set out in Jennings, our affirmance does not count as an additional strike. See id. Although we noted in the disposition our agreement with the district court that the appeal was legally frivolous, the disposition was an affirmance. See Perkins v. Derstein, No. 96-3045, 1996 WL 290377, at **1 & n.1 (10th Cir. June 3, 1996) (unpublished). We count no other strikes.

Because appellant has two strikes rather than three, he may proceed in forma pauperis. Appellant has consented to disbursement of partial payments of the filing fees from his prison account. Appellant must pay $105.00 to the clerk of the district court. His custodian shall, within thirty days of the date of this order, deduct and pay to the clerk of the United States District Court for the District of Kansas an amount equal to twenty percent of the greater of–

(A) the average monthly deposits to his accounts, or

(B) the average monthly balance in his account for the six-month period immediately preceding filing of the notice of appeal in this case.

In either event, appellant's custodian shall forward payments from appellant's account equal to twenty percent of the preceding month's income each time the account exceeds $10.00 until the filing fees are paid in full. The Attorney General for the State of Kansas is directed to serve a copy of this order on appellant's custodian forthwith.

The judgment of the United States District Court for the District of Kansas is REVERSED, and the case is REMANDED for further proceedings.

Entered for the Court


Deanell Reece Tacha
Chief Judge