**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARREN EUGENE PERKINS,

Plaintiff-Appellant,

v.

MICHAEL A. NELSON, Warden,
El Dorado, Kansas; CHARLES
SIMMONS, Secretary of Corrections;
KANSAS DEPARTMENT OF
CORRECTIONS,

Defendants-Appellees.

No. 02-3168
(D.C. No. 00-CV-3229-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Darren Eugene Perkins appeals from the district court's order dismissing his 42 U.S.C. § 1983 civil rights complaint. [1] Perkins' complaint alleges that the defendants denied him equal protection and due process, applied an *ex post facto* law to him, and subjected him to slavery in violation of the Thirteenth Amendment. These claims are based on Perkins' alleged entitlement to compensation for classes and programs in which he participated while in administrative segregation. In a well-reasoned order, the district court addressed Perkins' claims and found them to be without merit. It therefore dismissed Perkins' complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We review the district court's dismissal de novo. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

Upon de novo review, after carefully considering the record, Perkins' brief and other materials, and the applicable law, we have determined that the district court's dismissal pursuant to § 1915(e)(2)(B)(ii) was entirely appropriate.

---

[1] This matter returns to us after a previous remand. In Perkins' prior appeal, we reversed the district court's dismissal of his complaint under the "three strikes" provision of the in forma pauperis statute, 28 U.S.C. § 1915(g), and remanded for further proceedings. *See Perkins v. Nelson*, No. 01-3111, 2001 WL 1438537 (10th Cir. Nov. 15, 2001).

We therefore AFFIRM the judgment of the United States District Court for the District of Kansas, for substantially the same reasons stated in its order of May 7, 2002. We note that our affirmance of the district court's § 1915(e)(2)(B)(ii) dismissal means that Perkins now has three strikes under 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Detention Center Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). Perkins' "Motion to Show Cause" is DENIED.

Entered for the Court


Michael R. Murphy
Circuit Judge