**Derek D. ANDERSON, Plaintiff–Appellant,**

v.

**John HOMAN, Plant Manager for sign and graphics, Kansas Correctional Institute, Lansing Correctional Facility; Dennis Kuhn, Metal Manager, Kansas Correctional Institute, Lansing Correctional Facility; Charles Barkley, Supervisor Unit Teams, Lansing Correctional Facility; Doug Friez, Supervisor of Kansas Correctional Institute, Lansing Correctional Facility, Defendants–Appellees.**

No. 01–3196.

United States Court of Appeals, Tenth Circuit.

Dec. 5, 2001.

Before HENRY, BRISCOE and MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Derek D. Anderson, a state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. We affirm.

Anderson suffered from chronic knee pain. He sought damages and injunctive relief after he was assigned to a prison industries job that required extended standing, contrary to his Class II medical restrictions. Anderson contends that when he complained to his supervisor, he was told there was no accommodating job open and he was not treated the same as similarly-situated inmates. The district court denied the complaint for failure to state a claim for relief. The court found Anderson's bare claim that he was not treated the same as other inmates with similar medical restrictions was "insufficient to state a cognizable constitutional claim." Order at 2. To the extent that Anderson contended defendants were deliberately indifferent to his documented

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

medical needs, the court found "any such claim [was] defeated on the face of plaintiff's complaint," because Anderson acknowledged that his supervisor was willing to remove him from his work assignment. *Id.* at 3.

We review de novo the district court's dismissal of a complaint for failure to state a claim. *See McBride v. Deer,* 240 F.3d 1287, 1289 (10th Cir.2001). We have reviewed the entire record on appeal and Anderson's appellate brief and conclude that the district court did not err in dismissing the complaint.

We AFFIRM the district court's dismissal of Anderson's complaint for substantially the same reasons as stated in the district court's order dated June 11, 2001. Anderson is reminded of his obligation to continue making partial payments toward his filing fees until paid in full.