**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK T. SALARY,

      Plaintiff - Appellant,

v.

DINNIS GOFF; SAM CLINE; JOHN
DOE (1); JOHN DOE (2),

      Defendants - Appellees.

No. 13-3258
(D.C. No. 5:13-CV-03052-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

      Mark T. Salary, a Kansas prisoner proceeding pro se, appeals the dismissal of his

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

42 U.S.C. § 1983 civil rights complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In November 2012, the Kansas Department of Corrections implemented a protocol for prisoners receiving medication for gastroesophageal reflux disease ("GERD") under which prisoners were removed from medication for eight weeks and re-evaluated. Salary, who has a history of GERD, was subject to the protocol. He claims that prison officials improperly stopped providing his medication and refused to reinstate it despite his severe symptoms. Salary made several health care requests in the form of "sick calls," and his symptoms were monitored by medical personnel. In response to a grievance he filed, Salary's concern regarding his medication was forwarded to a regional medical director.

After exhausting his administrative remedies, Salary filed a § 1983 civil rights action in federal district court, which the court construed as alleging an Eighth Amendment claim. The district court conducted a preliminary review pursuant to 28 U.S.C. § 1915A(a) and dismissed the case for failure to state a claim under § 1915A(b), holding that Salary did "not provide a factual basis for a finding of deliberate indifference by any defendant." Salary's motion to add a defendant—a doctor he claimed refused to approve a hernia surgery—was also denied because the claim was unrelated to his original claims, did not involve a common defendant, and was not first presented through

the grievance procedure.

Salary filed a motion in district court challenging the denial of his motion to add a defendant. Construing it as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, the district court denied reconsideration. Salary also filed an appeal, which was abated pending disposition of his motion for reconsideration and then reinstated.

## II

On appeal, Salary challenges only the dismissal of his complaint related to medication for GERD. We review de novo the district court's dismissal for failure to state a claim under § 1915A(b)(1). Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009). Our task is "to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." Id. (quotation omitted). We construe the filings of a pro se litigant liberally, but we do not "assume the role of advocate." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (quotation and footnotes omitted). "Deliberate indifference" includes an objective and a subjective component. Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). "The objective component is met if the deprivation is sufficiently serious," meaning the medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

-3-

person would easily recognize the necessity for a doctor's attention." Id. (quotations omitted). To meet the subjective component, the plaintiff must show that "a prison official knows of and disregards an excessive risk to inmate health or safety." Id. (quotation omitted).

Salary alleges that the district court erred in characterizing his GERD symptoms after the discontinuation of his medication as "mild." But even if his symptoms are more serious, Salary has not presented facts sufficient to satisfy the subjective prong of a deliberate indifference claim. "[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006). Documents attached to Salary's complaint show that his medication was discontinued pursuant to a medical protocol, that he was monitored by medical personnel, and that his complaints were considered and forwarded to the regional medical director. We have repeatedly held that disagreement regarding medical diagnosis or treatment does not support an Eighth Amendment claim. See, e.g., Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999) (neither negligence in medical care nor disagreement with diagnosis or treatment gives rise to Eighth Amendment claim); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).

Salary claims that some prisoners suffering from GERD were not removed from medication or had their medication reinstated after a shorter time. But he does not

-4-

provide any facts to support a claim that these differences in treatment were based on something other than "considered medical judgment." Self, 439 F.3d at 1232; cf. Anderson v. Homan, 22 F. App'x 986, 986 (10th Cir. 2001) (unpublished) (affirming district court's determination that plaintiff's "bare claim that he was not treated the same as other inmates with similar medical restrictions was insufficient to state a cognizable constitutional claim" (quotation omitted)). Salary's claim that the new protocol was instated to save money at the expense of prisoner health is also a bare assertion, and lacks factual allegations to rebut the evidence attached to the complaint indicating that the protocol was implemented pursuant to medical judgment. We must "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). We therefore affirm the district court's conclusion that Salary has not presented facts sufficient to make out a claim of deliberate indifference under the Eighth Amendment.

**III**

For the foregoing reasons, we **AFFIRM** the judgment of the district court. Because we affirm the district court dismissal for failure to state a claim, that dismissal counts as a strike under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). We do not impose an additional strike because we conclude the appeal was not frivolous. Jennings,

175 F.3d at 780.  We **GRANT** Salary's motion to proceed in forma pauperis on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Carlos F. Lucero
Circuit Judge