FILED
United States Court of Appeals
Tenth Circuit

August 11, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK T.J. SALARY,

        Plaintiff – Appellant,

v.

UNITED STATES GOVERNMENT;
KANSAS BOARD OF
CORRECTIONS,

        Defendants – Appellees.

No. 14-3095
(No. 5:14-CV-03061-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

    Mark Salary, a state prisoner, filed a civil rights suit alleging that the conditions of his confinement—the small square footage in his cell, his lack of privacy, high noise levels, poor sanitation, lack of access to cleaning supplies, lack of access to showers, poor nutrition and dining conditions, poor air quality, and lack of safety—violated the Eighth and Fourteenth Amendments. He named the United States and the Kansas Board of

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

    [**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Corrections[1] as defendants, and he sought monetary damages. On preliminary review,[2] the district court dismissed his claims because the defendants are immune from suits for money damages.

## STANDARDS

We review de novo the District Court's sua sponte dismissal under 28 U.S.C. § 1915A(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *see also Haddock v. RJW Inc.*, 173 F.3d 863 (10th Cir. 1999).

Because Salary is pro se, we afford his pleadings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But he still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Likewise, his pro se status does not excuse his obligation to comply with the requirements of substantive law. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

---

[1] The district court liberally construed this defendant to mean the Kansas Department of Corrections.

[2] Under 28 U.S.C. § 1915A(a), a federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

## DISCUSSION

As the district court explained, the United States is immune from suit for monetary relief unless a statute waives immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Block v. North Dakota*, 461 U.S. 273, 287 (1983) (the basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress). The United States has not given its consent to be sued for alleged violations of the Eighth and Fourteenth Amendments committed against state prisoners. *See Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (The United States "has not waived its sovereign immunity for constitutional torts as such."). Thus, the district court rightly dismissed Salary's claim for damages against the United States according to 28 U.S.C. § 1915A(b), which requires a court to dismiss a prisoner complaint that seeks monetary damages from a defendant who is immune from that relief.

As the district court also explained, addressing the claim against the Kansas Department of Corrections, the Eleventh Amendment bars suits in federal court for monetary relief against a state by the citizens of the state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). Absent consent, Eleventh Amendment immunity extends to state agencies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Because no consent was given here, the district court rightly dismissed Salary's claim for damages against the Kansas Department of Corrections. *See* 28 U.S.C. § 1915A(b).

CONCLUSION

Interpreting and applying Salary's pleadings generously, we still affirm the district court's order dismissing his complaint because the defendants are immune from suits for money damages. Thus, we dismiss this appeal.

Because we affirm the district court's dismissal under 28 U.S.C. § 1915A, we assess one strike against Salary under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we affirm a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal then counts as a single strike.").[3]

The district court granted Salary leave to proceed on appeal without prepayment of fees. We remind Salary that he is obligated to continue making partial payments until the entire fee has been paid.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge

---

[3] Though the district court here dismissed under 28 U.S.C. § 1915A(b) "due to defendants' immunity from suit for monetary damages," *Jennings* still controls because a dismissal under § 1915(e)(2)(B) encompasses situations where the prisoner "seeks monetary relief against a defendant who is immune from such relief."