FILED
United States Court of Appeals
Tenth Circuit

February 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARK T. SALARY,

Plaintiff - Appellant,

v.

LAWTON R. NUSS; BOARD OF
JUSTICES,

Defendants - Appellees.

No. 14-3164
(D.C. No. 5:13-CV-03214-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO** and **BALDOCK**, Circuit Judges.

Appellant Mark T. Salary is a prisoner of the State of Kansas appearing pro se,

and seeking to proceed in forma pauperis (IFP). He appeals from the district court's

order dismissing his civil rights complaint filed under 42 U.S.C. § 1983 for failure to

state a claim, subsequent to preliminary screening under 28 U.S.C. § 1915A. The

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court reasoned that the defendants—the members of the Kansas Supreme Court—were absolutely immune in their judicial capacity from a civil suit challenging their orders concerning the number of photocopies that must be provided with a pro se brief in a state criminal appeal.

Because appellant is pro se, we afford his pleadings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). Appellant's argument on appeal that the concept of state judicial immunity violates the United States Constitution lacks arguable merit, and we therefore dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). And because appellant does not present a non-frivolous argument on appeal, we deny his motion for leave to proceed IFP on appeal. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). As explained below, we also assess two "strikes" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). In addition, we have reviewed appellant's other dismissals and conclude that he accumulated three strikes as of November 13, 2014.

"Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting 28 U.S.C. § 1915(g)). The district court's dismissal of appellant's complaint in this case for failure to state a claim constitutes a strike. *See id.* Our dismissal of this appeal as frivolous constitutes a second strike.

*See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). When prisoners accumulate three strikes, they must "prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Id.* (internal quotation marks omitted). The "only exception" to the prepayment requirement in § 1915(g) is where a prisoner who has accrued three strikes has raised "a credible allegation that he is in imminent danger of serious physical harm." *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998).

Having reviewed appellant's other dismissals, we conclude that he previously accrued a strike when the district court dismissed his complaint as legally frivolous in *Salary v. United States Government*, D.C. No. 5:14-cv-03067-SAC-DJW. The district court entered its dismissal on June 6, 2014, and appellant did not appeal that dismissal to this court, so it ripened to be counted as a strike on August 5, 2014, when his sixty days to appeal to this court expired. *See Hafed*, 635 F.3d at 1178; *see also* Fed. R. App. P. 4(a)(1)(B)(i) (allowing sixty days to appeal when the United States is a party).

This court has also twice previously advised appellant that he had acquired strikes under § 1915(g). *See Salary v. U.S. Gov't*, 575 F. App'x 826, 827 (10th Cir. 2014) (assessing one strike upon affirming the district court's order dismissing the complaint in D.C. No. 5:14-cv-03061-SAC); *Salary v. Goff*, 572 F. App'x 668, 670 (10th Cir. 2014) (assessing one strike upon affirming the district court's order dismissing the complaint in D.C. No. 5:13-cv-03052-SAC). Appellant was allowed

ninety days in which to file a petition for writ of certiorari with the Supreme Court, *see* S. Ct. R. 13.1, but he did not file a petition for writ of certiorari in either of those cases. Our affirmance in *Salary v. United States Government* was entered on August 11, 2014, so the strike assessed in that case counted against appellant as of November 10, 2014. *See Hafed*, 635 F.3d at 1176 ("We now clarify that a strike counts against a prisoner from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not."). Our affirmance in *Salary v. Goff* was entered on July 24, 2014, and we denied appellant's timely petition for rehearing on August 15, 2014. The time to file a petition for writ of certiorari with the Supreme Court runs from the denial of a timely petition for rehearing. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). As a result, the strike in *Salary v. Goff* counted against appellant as of November 13, 2014.

Appellant accumulated his third strike and "struck out" under § 1915(g) on November 13, 2014. His prior three strikes do not apply to the appeal before us because it was filed before November 13, 2014. *See Hafed*, 635 F.3d at 1175 (indicating that a prisoner is barred from proceeding IFP if "he had three strikes countable in this court at the time he filed" his appeal). But appellant may not proceed IFP in any federal action or appeal, other than habeas, filed after November 13, 2014, but must prepay the filing fee in full in order to proceed, unless he satisfies the "imminent danger" exception in § 1915(g).

- 4 -

This appeal is dismissed as frivolous. Appellant's motion for leave to proceed IFP on appeal is denied, and he is directed to immediately pay the entire $505.00 filing fee for this appeal.

Entered for the Court

John C. Porfilio
Circuit Judge