FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

February 17, 2015

Elisabeth A. Shumaker
Clerk of Court

MARK T.J. SALARY,

      Plaintiff - Appellant,

v.

ALICIA CARDONA, Psychiatrist,
Lansing Correctional Facility; HOWARD
ANDERSON, Mental Health
Professional, Lansing Correctional
Facility; CHERI JAYNES, TRU Program
Manager, Lansing Correctional Facility;
HILARY VAN PATTEN, Psychiatrist,
Norton Correctional Facility; DAVID R.
McKUNE, Warden, Lansing Correctional
Facility; RAY ROBERTS, Secretary of
Corrections,

      Defendants - Appellees.

No. 14-3170
(D.C. No. 5:13-CV-03046-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant Mark T. Salary is a prisoner of the State of Kansas appearing pro se. He appeals from the district court's order dismissing his civil rights complaint filed under 42 U.S.C. § 1983 for failure to state a claim, subsequent to preliminary screening under 28 U.S.C. § 1915A. The court reasoned that appellant's complaint failed to allege the personal participation of the defendants in the alleged violation of his constitutional rights, and appellant had failed to explain the personal participation of each defendant after being ordered to do so. The district court granted appellant's motion for leave to proceed on appeal in forma pauperis (IFP).

Because appellant is pro se, we afford his pleadings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). His conclusory argument on appeal that he had set forth the personal participation of each defendant in his complaint lacks arguable merit, and we therefore dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). And because appellant does not present a non-frivolous argument on appeal, we also revoke the district court's grant of leave to proceed IFP on appeal. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). As explained below, we also assess two "strikes" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). In addition, we have reviewed appellant's other dismissals and conclude that he accumulated three strikes as of November 13, 2014.

"Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action or appeal in a court of the United States . . .

was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting 28 U.S.C. § 1915(g)). The district court's dismissal of appellant's complaint in this case for failure to state a claim constitutes a strike. *See id.* Our dismissal of this appeal as frivolous constitutes a second strike. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). When prisoners accumulate three strikes, they must "prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Id.* (internal quotation marks omitted). The "only exception" to the prepayment requirement in § 1915(g) is where a prisoner who has accrued three strikes has raised "a credible allegation that he is in imminent danger of serious physical harm." *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998).

Having reviewed appellant's other dismissals, we conclude that he previously accrued a strike when the district court dismissed his complaint as legally frivolous in *Salary v. United States Government*, D.C. No. 5:14-cv-03067-SAC-DJW. The district court entered its dismissal on June 6, 2014, and appellant did not appeal that dismissal to this court, so it ripened to be counted as a strike on August 5, 2014, when his sixty days to appeal to this court expired. *See Hafed*, 635 F.3d at 1178; *see also* Fed. R. App. P. 4(a)(1)(B)(i) (allowing sixty days to appeal when the United States is a party).

This court has also twice previously advised appellant that he had acquired strikes under § 1915(g). *See Salary v. U.S. Gov't*, 575 F. App'x 826, 827 (10th Cir. 2014) (assessing one strike upon affirming the district court's order dismissing the complaint in D.C. No. 5:14-cv-03061-SAC); *Salary v. Goff*, 572 F. App'x 668, 670 (10th Cir. 2014) (assessing one strike upon affirming the district court's order dismissing the complaint in D.C. No. 5:13-cv-03052-SAC). Appellant was allowed ninety days in which to file a petition for writ of certiorari with the Supreme Court, *see* S. Ct. R. 13.1, but he did not file a petition for writ of certiorari in either of those cases. Our affirmance in *Salary v. United States Government* was entered on August 11, 2014, so the strike assessed in that case counted against appellant as of November 10, 2014. *See Hafed*, 635 F.3d at 1176 ("We now clarify that a strike counts against a prisoner from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not."). Our affirmance in *Salary v. Goff* was entered on July 24, 2014, and we denied appellant's timely petition for rehearing on August 15, 2014. The time to file a petition for writ of certiorari with the Supreme Court runs from the denial of a timely petition for rehearing. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). As a result, the strike in *Salary v. Goff* counted against appellant as of November 13, 2014.

Appellant accumulated his third strike and "struck out" under § 1915(g) on November 13, 2014. His prior three strikes do not apply to the appeal before us

- 4 -

because it was filed before November 13, 2014. *See Hafed*, 635 F.3d at 1175 (indicating that a prisoner is barred from proceeding IFP if "he had three strikes countable in this court at the time he filed" his appeal). But appellant may not proceed IFP in any federal action or appeal, other than habeas, filed after November 13, 2014, but must prepay the filing fee in full in order to proceed, unless he satisfies the "imminent danger" exception in § 1915(g).

This appeal is dismissed as frivolous. The district court's grant of IFP for appeal is revoked, and appellant is directed to immediately pay the entire $505.00 filing fee for this appeal.

Entered for the Court

John C. Porfilio
Circuit Judge